UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALLAN SWEARINGTON,

Plaintiff,

v.

SAN FRANCISCO BASEBALL
ASSOCIATES LLC,

Defendant.

Case No. 25-cv-10491-JST

**ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND**

Re: ECF No. 14

Before the Court is Plaintiff Allan Swearington's motion to remand.  ECF No. 14.  The Court will grant the motion.

**I.      BACKGROUND**

On April 21, 2025, Swearington filed this putative class action in state court alleging various wage and hour violations against Defendant San Francisco Baseball Associates LLC ("SFBA").  The complaint, ECF No. 1-6, alleges only violations under California state law.

SFBA removed the case to this Court on December 6, 2025, asserting that many of Swearington's claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and that the Court should exercise supplemental jurisdiction over all remaining claims.  "Section 301 of the LMRA preempts state law claims that are based directly on rights created by a collective bargaining agreement, and also preempts claims that are substantially dependent on an interpretation of a collective bargaining agreement." *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1014 (9th Cir. 2000).

Swearington moves to remand the case on two grounds: that SFBA's removal was untimely, and that none of his claims is preempted.  The Court does not reach the second question because it concludes that timeliness of removal is dispositive.

## II.    LEGAL STANDARD

The removal statute provides two different 30-day statutory periods during which a defendant may remove:

> [T]he first thirty-day requirement is triggered by defendant's receipt of an "initial pleading" that reveals a basis for removal.  If no ground for removal is evident in that pleading, the case is "not removable" at that stage.  In such case, the notice of removal may be filed within thirty days after the defendant receives "an amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper.

*Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (quoting 28 U.S.C. §§ 1446(b)(1), (3)).  "The document that triggers the [second] thirty-day removal period cannot be one created by the defendant."  *Rossetto v. Oaktree Cap. Mgmt., LLC*, 664 F. Supp. 2d 1122, 1129 (D. Haw. 2009).  But a jointly prepared document, like a joint case management statement, does qualify as an "other paper," *Alvarado v. King Meat, Inc.*, No. CV 15-09766 RGK (ASx), 2016 WL 538451, at *5 (C.D. Cal. Feb. 8, 2016), as does correspondence between counsel, *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007); *Rollins v. Fresenius USA, Inc.*, No. CV 13-09394 JGB (AGRx), 2014 WL 462822, at *5 (C.D. Cal. Feb. 4, 2014).

"[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  *Harris*, 425 F.3d at 694.  However, although "defendants need not make extrapolations or engage in guesswork," they must "apply a reasonable amount of intelligence in ascertaining removability," such as "multiplying figures clearly stated in a complaint" to determine the amount in controversy.  *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (citation modified).  To start the clock running for the second thirty-day period, "an amended pleading, motion, order, or other paper must make a ground for removal unequivocally clear and certain."  *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021).

Sections 1446(b)(1) and (b)(3) "place strict limits on a defendant who is put on notice of removability by a plaintiff."  *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).  But these statutes also "permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the

United States District Court
Northern District of California

thirty-day deadlines." *Id.* "Thus, even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Id.*

## III.    DISCUSSION

### A.    First Thirty-Day Period

Swearington's complaint does not include any reference to a collective bargaining agreement ("CBA"). *See* ECF No. 1-6. Several courts have concluded that such a complaint does "not trigger a thirty-day deadline to remove under § 1446(b)(1)" based on LMRA preemption. *Carrillo v. Monterey Mech. Co.*, No. 24-cv-09202-LJC, 2025 WL 1642423, at *6 (N.D. Cal. June 10, 2025); *see also, e.g.*, *Liu v. Sealy, Inc.*, No. 2:25-cv-01215-MEMF-AS, 2025 WL 1357281, at *5 (C.D. Cal. May 9, 2025).

In this case, however, SFBA "understood Plaintiff's claims well enough to plead LMRA preemption as [an] affirmative defense in their Answer." *Martinez v. W. Hills Hosp.*, No. 2:25-cv-01749-FLA (MBKx), 2025 WL 2992353, at *3 (C.D. Cal. Oct. 24, 2025); ECF No. 1-9 at 16 (SFBA's answer, pleading LMRA preemption as the 47th affirmative defense). SFBA is correct that its own subjective knowledge does not start the removal clock running, *Harris*, 425 F.3d at 694, but the fact that it pleaded LMRA preemption as an affirmative defense is some indication that "the complaint . . . included sufficient information on its face to put [SFBA] on notice that the state law claims the plaintiff asserted were preempted," thus beginning the first thirty-day removal period. *Carrillo*, 2025 WL 1642423, at *6. SFBA's removal outside that period therefore appears to be untimely.

### B.    Second Thirty-Day Period

Even if the complaint did not begin the first thirty-day removal period, SFBA's removal was untimely under the second thirty-day period.

The parties communicated about the CBA and potential preemption for months. On June 25, 2025, SFBA's counsel emailed Swearington's counsel to assert that Swearington's employment was covered by a CBA and cited a case regarding preemption when "the right to

3

overtime exists solely as a result of the CBA." ECF No. 14-1 at 38 (citation modified). On August 7, 2025, the parties filed a joint case management statement that included the following statement: "The parties have met and conferred regarding several of Plaintiff's claims that Defendant contends are legally preempted and/or not viable." *Id.* at 30. On August 12, 2025, SFBA's counsel emailed Swearington's counsel stating, "as you [are] aware, Plaintiff's employment was governed by [a] collective bargaining agreement" and mentioning "preemption grounds." *Id.* at 58–59. On August 22, 2025, Swearington's counsel asked for a copy of the CBA. *Id.* at 58. SFBA's counsel provided the CBA on August 28, 2025. *Id.* at 57. On October 31, 2025, Swearington's counsel emailed SFBA's counsel, "We view the arbitration and preemption positions as not very strong, considering recent 9th Circuit case law recognizing state labor code claims seldom arise out of a CBA or require interpretation of a CBA." *Id.* at 48. SFBA's counsel asked for the case citation, and Swearington's counsel provided it, both on November 3, 2025. ECF No. 20-1 at 7–8. The case, *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076 (9th Cir. 2025), addressed LMRA preemption. SFBA's counsel responded later the same day that the "case does not change our position that some of Plaintiff's claims are subject to Labor Code exemptions and preemption under Section 301 as well as the fact the CBA validly waives the right to a judicial forum, and that Plaintiff must therefore have pursued his claims through grievance arbitration." ECF No. 20-1 at 7.

These email exchanges between counsel indicate not only SFBA's belief that Swearington's claims were preempted, but also Swearington's acknowledgment that he was covered by a CBA. Although Swearington's counsel never asserts that his claims are preempted or that they rely on the CBA, SFBA has cited no authority, and the Court is aware of none, requiring a plaintiff to affirmatively state that a complaint is removable. To the contrary, a defendant need only receive a document "from which it *may . . . be ascertained* that the case is one which is or has become removable." 28 U.S.C. § 1146(b)(3) (emphasis added). Moreover, as one of the cases relied on heavily by SFBA demonstrates, LMRA preemption can apply even when the plaintiff alleges only claims under state law and argues that governing CBAs do not apply to those claims. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1149–51 (9th Cir. 2019). Similarly, as noted

4

United States District Court
Northern District of California

in another case relied on by SFBA, a plaintiff "cannot artfully plead around his CBA in his complaint because, regardless, preemption attaches to a CBA dispute dressed in state law garb." *Radcliff v. S.D. Gas & Elec. Co.*, 519 F. Supp. 3d 743, 750 (S.D. Cal. 2021) (citation modified).

Here, the only thing that was arguably missing from the complaint, in terms of revealing that the case might be removable on LMRA preemption grounds, was an acknowledgement that Swearington was subject to a CBA. As another court explained, in a passage quoted by SFBA in its opposition brief:

> While Plaintiff was always subject to the CBA and, therefore, the complaint would always have been subject to removal under Defendants' theory of preemption, neither the complaint nor the amended complaint divulges that Plaintiff was subject to a CBA. In this situation, under Ninth Circuit law, Defendants were under no obligation to remove until, at least, receipt of a "paper" showing that Plaintiff was subject to a CBA.

*Morris v. Vopak Terminal L.A., Inc.*, No. CV 22-6505 DSF (PVCx), 2022 WL 11964340, at *1 (C.D. Cal. Oct. 20, 2022). The correspondence cited above provides the necessary showing, and it did so prior to November 6, 2025, which is the latest date on which the thirty-day removal clock could have started to run for SFBA's December 6, 2025 removal to have been timely.

The Court will therefore remand this case because SFBA's notice of removal was not timely filed.

### C.    Request for Attorney's Fees

Swearington's request for attorney's fees under 28 U.S.C. § 1447(c) is denied. He has not even attempted to meet his burden of demonstrating that SFBA "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *GranCare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 552 (9th Cir. 2018) (citation modified). Nor does the Court find any "unusual circumstances" to warrant a fee award in this case. *Martin*, 546 U.S. at 141.

### CONCLUSION

The Court grants Swearington's motion to remand because SFBA's removal was not timely. Swearington's request for attorney's fees is denied.

5

This case is remanded to the Superior Court for the County of San Francisco.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 15, 2026



JON S. TIGAR
United States District Judge